IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JAMES D. CLARK, GRANT J.            )
DEYONGE, CLARK BROS.               )
TRANSFER, and CLARK BROS.          )
EMPLOYEE STOCK OWNERSHIP            )
PLAN,                              )
                                   )
            Plaintiffs,            )          4:05CV3251
                                   )
        v.                         )
                                   )
AMERITAS INVESTMENT CORP.,         )          MEMORANDUM AND ORDER
                                   )
            Defendant.             )
_____)


INTRODUCTION


    Pending before me is the plaintiffs' motion for remand,
filing 7.  Defendant Ameritas Investment Corporation ("Ameritas")
timely removed this case to federal court pursuant to 28 U.S.C §
1441.  Ameritas alleges that the plaintiffs' claims, as set forth
in their amended complaint filed in state court, (see filing 1,
attachment 1 (amended complaint)), are completely preempted by
ERISA, and therefore this court has federal question subject
matter jurisdiction.  See 28 U.S.C. §§ 1331 and 1337.


    Ameritas' notice of removal states:


    This is an action arising from and relating to an
    employee benefit plan as described in 29 U.S.C. §
    1003(a) and not exempt under 29 U.S.C. § 1003(b) and,
    as such, is subject to and governed by the Employee
    Retirement Income Securities Act of 1974, as amended
    ("ERISA"), 29 U.S.C. § 1001, et seq.  This action, as
    pled, falls within the integrated enforcement mechanism
    of 29 U.S.C. § 1132(a) and thus is completely preempted
    by ERISA.  By virtue of the complete preemption
    doctrine, this Court has original jurisdiction over
    this lawsuit, which raises a federal question as it

arises under the laws of the United States and under an
Act of Congress regulating commerce. See, 28 U.S.C. §
1331 & 1337.  Moreover, to the extent that this matter
is brought under 29 U.S.C. § 1132(a)(2) and/or (3), 29
U.S.C. § 1132(e)(1) explicitly acknowledges this
Court's exclusive jurisdiction over such actions.
Given that this case is within the original
jurisdiction of this Court, removal is proper. 28
U.S.C. § 1441.

Filing 1 (Notice of Removal) at p.2 ¶ 5.[1]


The plaintiffs have moved to remand the case to the District
Court of Douglas County, Nebraska.  Filing 7.  The plaintiffs'
amended complaint seeks recovery from Ameritas for its alleged
professional malpractice, negligent misrepresentation, and breach
of contract in rendering an opinion as to the value of stock held
in the Clark Bros. Employee Stock Option Plan.  The plaintiffs
argue that none of these claims seek recovery under ERISA, this
court lacks subject matter jurisdiction, and the case must be
remanded.


For the reasons discussed hereafter, I conclude this court
lacks federal question subject matter jurisdiction and the case
must be remanded to the District Court of Douglas County,
Nebraska.

─────────────────────

[1]Ameritas has filed a Rule 12(b)(6) motion to dismiss the
plaintiffs' complaint in its entirety on the basis of ERISA
preemption.  Filing 5 (motion to dismiss).  Ameritas claims that
the plaintiffs' amended complaint fails to state a claim upon
which relief may be granted because the plaintiffs' state law
causes of action relate to an ERISA plan, and are therefore
preempted by ERISA.  In opposing the motion for remand and in
moving to dismiss, Ameritas claims that under <u>Mertens v. Hewitt</u>,
508 U.S. 248 (1993) and <u>Aetna Health Inc. v. Davila</u>, 542 U.S.
200, 210 (2004), the plaintiffs' claims against Ameritas, a
non-fiduciary, do not exist.  Filing 5 (motion to dismiss) at p.
1-2.

THE PLEADINGS

The allegations of the complaint existing at the time of
removal control whether the plaintiffs' allegations are
sufficient to establish federal question subject matter
jurisdiction.  Pullman Co. v. Jenkins, 305 U.S. 534, 537-538
(1939); Crosby v. Paul Hardeman, Inc., 414 F.2d 1, 3 (8th Cir.
1969).  In this case the plaintiffs' complaint was amended before
the action was removed, and the amended state court complaint was
filed in this court upon removal.  Therefore, the determination
as to whether the court has federal question subject matter
jurisdiction focuses on the allegations of the plaintiffs'
amended complaint.  The amended complaint alleges:

The plaintiffs, James D. Clark and Grant J. Deyonge, were
plan participants in the Clark Bros. Transfer Inc. Stock Option
Plan ("ESOP").  They have also filed suit as the assignees of the
ESOP itself, the ESOP beneficiaries and participants, and Clark
Bros. Transfer, Inc. (the "Company").  Filing 1, attachment 1
(amended complaint) ¶¶ 1-3.

In their capacity as fiduciaries, trustees and members of
the Administrative Committee of the ESOP and as directors and
officers of the Company, the plaintiffs hired Ameritas to perform
a valuation of the Clark Bros. Transfer Inc. stock held in the
ESOP (the "Company stock").  Ameritas was paid in full for these
services.  Filing 1, attachment 1 (amended complaint) ¶¶ 4-10,
13.

Ameritas knew its valuation of the Company stock would be
relied on when selling, buying, and redeeming the stock, and knew
the ESOP was scheduled to be terminated effective December 31,

3

2002.  However, it rendered stock valuation opinions which
significantly undervalued the Company stock held by the ESOP.
Filing 1, attachment 1 (amended complaint) ¶¶ 10-12.

In 2001 and 2002, the ESOP fiduciaries and trustees accepted
Ameritas' stock valuation, and plan participants sold, and the
Company redeemed stock in reliance upon the value placed on the
Company stock by Ameritas.  By March or April 2003, all the
Company stock held by ESOP participants had been redeemed.
Filing 1, attachment 1 (amended complaint) ¶¶ 14-17.

The Company was sold on February 17, 2004 for a price
substantially higher than the amount paid to ESOP participants
who sold their Company stock.  The plan participants filed a
class action ERISA suit against the plaintiffs for undervaluing
the Company stock assets of the ESOP.  See Olsen et al v. Clark
et al, 8:04-CV-00106 (D.Neb. March 9, 2004).  In the course of
that suit, the plaintiffs learned that Ameritas' 2001 and 2002
stock valuations were defective and substantially undervalued the
stock.  The class action suit was settled.  Filing 1, attachment
1 (amended complaint) ¶¶ 18-23.

The plaintiffs allege professional malpractice, negligent
misrepresentation, and breach of contract claims against Ameritas
for its conduct in undervaluing the Company stock held by the
ESOP.  They seek reimbursement of the amounts paid to Ameritas
for its valuation services; reimbursement of attorney fees,
expert fees, mediator fees, costs, and expenses incurred in
defending and prosecuting the class action lawsuit; recovery of
their economic losses related to the stock transactions of Clark,
DeYonge and the plan participants; general damages; and interest.
Filing 1, attachment 1 (amended complaint) ¶¶ 24-43.

4

Ameritas has filed evidence in opposition to the motion for
remand (filing 15); the plaintiffs have objected to the
defendant's evidence (filing 16), have also filed their own
evidence in response to the defendant's proffer (filing 17).  It
is within the court's discretion to determine how to proceed on
jurisdictional questions, and the court "may consider materials
outside the pleadings such as depositions or affidavits in
determining whether the record demonstrates lack of subject
matter jurisdiction."  Satz v. ITT Financial Corp., 619 F.2d 738,
742 (8th Cir. 1980).  See also Land v. Dollar, 330 U.S. 731, 735
& n. 4 (1947); Western Nebraska Resources Council v. Wyoming Fuel
Co., 641 F.Supp. 128, 139 (D.Neb. 1986)(Urbom. J.).

> Because at issue in a factual 12(b)(1) motion is the
> trial court's jurisdiction--its very power to hear the
> case--there is a substantial authority that the trial
> court is free to weigh the evidence and satisfy itself
> as to the existence of its power to hear the case.  In
> short, no presumptive truthfulness attaches to
> plaintiff's allegations, and the existence of disputed
> material facts will not preclude the trial court from
> evaluating for itself the merits of the jurisdictional
> claims.

Western Nebraska Resources, 641 F.Supp. at 139.

Accordingly, I have reviewed the evidence submitted by
Ameritas in support of its claim that this court has federal
question subject matter jurisdiction.  I have also reviewed the
plaintiffs' counter-evidence.  I conclude, however, that although
the evidence submitted may be relevant to the pending Rule
12(b)(6) motion to dismiss or the merits of this case, it is not
relevant to determining whether the plaintiffs' claims are
completely preempted by ERISA.  I shall therefore sustain the
plaintiffs' objection to the evidence submitted by Ameritas, and
I shall not discuss, refer to, or rely upon the evidence

5

submitted by either the defendant or the plaintiffs as filings 15 and 17.

LEGAL ANALYSIS

"A defendant may remove a state law claim to federal court when the federal court would have had original jurisdiction if the suit originally had been filed there." Phipps v. F.D.I.C. 417 F.3d 1006, 1010 (8th Cir. 2005)(citing 28 U.S.C. § 1441(b)). See also, City of Chicago v. International College of Surgeons, 522 U.S. 156, 163 (1997). As the party opposing remand, Ameritas bears the burden of establishing that federal subject matter jurisdiction exists over the plaintiffs' case. Green v. Ameritrade, Inc., 279 F.3d 590 (8th Cir. 2002). Where the defendant alleges federal preemption provides the authority to exercise federal jurisdiction over the case, if the defendant proves that any claim within the plaintiffs' complaint is completely preempted by a federal statute, the defendant may remove the entire case to federal court, including any alleged state law claims arising from the same core of operative facts. See 28 U.S.C. § 1367; City of Chicago, 522 U.S. at 164; Phipps, 417 F.3d at 1010 (citing Gaming Corp. of Am. v. Dorsey & Whitney, 88 F.3d 536, 543 (8th Cir. 1996)). However, all doubts as to the propriety of exercising federal jurisdiction over a removed case must be resolved in favor of remand. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997).

A.   FEDERAL PREEMPTION AS THE BASIS FOR FEDERAL QUESTION
     SUBJECT MATTER JURISDICTION.

Ameritas asserts that though couched as claims for recovery under Nebraska common law, the plaintiffs' claims set forth in

6

the amended complaint actually arise under ERISA, and therefore, the court should exercise federal question jurisdiction over this action.  As recently summarized in Phipps:

> Removal based on federal question jurisdiction is usually governed by the "well-pleaded complaint" rule. Krispin v. May Dep't Stores Co., 218 F.3d 919, 922 (8th Cir. 2000).  This rule provides that federal jurisdiction may be invoked "only where a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id.  The rule also "makes the plaintiff the master of the claim," allowing the plaintiff to "avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

Phipps, 417 F.3d at 1010.

An independent corollary to the "well-pleaded complaint" rule is the "complete preemption" doctrine.  The preemptive force of certain federal statutes is deemed so extraordinary as to convert complaints purportedly based on state law into complaints stating federal claims from their inception.  Phipps, 417 F.3d at 1010 (citing Krispin, 218 F.3d at 922).  "Congress may so completely preempt a particular area that a civil complaint raising this select group of claims is necessarily federal in character." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-63 (1987)(finding complete preemption under § 502 of ERISA). In such a case, even if the allegations of the complaint would otherwise provide a basis for recovery under state law, these state law claims are deemed "completely preempted" by federal law, federal subject matter jurisdiction exists, and removal is appropriate.  Metropolitan Life Ins., 481 U.S. at 63-64.

Where the defendant asserts federal preemption as the basis for federal question jurisdiction, it is necessary to examine the

7

preemptive force of the federal law at issue; that is, whether federal law provides only a defense to the plaintiff's claims as alleged, or whether it completely preempts all other theories of recovery such that the sole basis for pursuing a remedy arises under federal law.  Federal preemption is generally considered a defense to a particular claim.  "As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court." Metropolitan Life Ins., 481 U.S. at 63.  See also, Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 4 (1983)(holding that the defense of federal preemption is traditionally not a basis for removal).  In contrast, "[t]he doctrine of 'complete preemption' establishes more than a defense to a state-law claim." Estes v. Federal Express Corp., 417 F.3d 870, 872-873 (8th Cir. 2005)(quoting Chapman, 390 F.3d at 625).  Complete preemption transforms state law claims into federal claims, thereby creating a basis for federal question jurisdiction.  Estes, 417 F.3d at 872-73.

To summarize, complete preemption has jurisdictional consequences that distinguish it from preemption asserted only as a defense.  A preemption defense can prevent a claim from proceeding, and thus provide the basis for a Rule 12(b)(6) motion to dismiss or a Rule 56 motion for summary judgment, but mere defensive preemption does not convert a state claim into a federal claim.  Complete preemption creates federal question jurisdiction; defensive preemption alone does not.

B.    FEDERAL PREEMPTION UNDER ERISA.

The precise issue before this court on plaintiffs' motion for remand is whether the plaintiffs' claims against Ameritas as set forth in their amended complaint, or any of them, are completely preempted by ERISA such that this court may exercise federal question jurisdiction over the entirety of the plaintiffs' case.  The existence of an ERISA "plan" is a prerequisite to federal jurisdiction under ERISA.  <u>Johnston v. Paul Revere Life Ins. Co</u>., 241 F.3d 623, 629 (8th Cir. 2001).

> The pivotal inquiry is whether the plan requires the establishment of a separate, ongoing administrative scheme to administer the plan's benefits. Simple or mechanical determinations do not necessarily require the establishment of such an administrative scheme; rather, an employer's need to create an administrative system may arise where the employer, to determine the employees' eligibility for and level of benefits, must analyze each employee's particular circumstances in light of the appropriate criteria.

<u>Kulinski v. Medtronic Bio-Medicus, Inc</u>., 21 F.3d 254, 257 (8th Cir. 1994).

The plaintiffs' amended complaint alleges they are entitled to recovery from Ameritas because Ameritas violated its duty to properly appraise the value of stock held in an ESOP.  Based on the allegations of the plaintiffs' complaint, the ESOP has existed since at least 1985.  The plaintiffs were fiduciaries, trustees and members of an Administrative Committee that administered the ESOP and hired Ameritas to provide Company stock valuation services for the benefit of the ESOP's participants and beneficiaries.

The defendant's notice of removal states the plaintiffs'
claims arise under ERISA, (filing 1 (notice of removal)), and it
argues that the ESOP is an ERISA plan.  Filing 14 (defendant's
brief opposing remand) at p.7.  The plaintiffs' brief likewise
argues that the ESOP at issue is an ERISA-qualified plan.  Filing
8 (plaintiffs' brief in support of remand) at p. 1-2.  The
allegations of the plaintiffs' complaint raise no serious doubt
that the ESOP is an ERISA-qualified plan, and the parties do not
dispute this issue.  The court therefore assumes for the purpose
of this order that the ESOP is governed by ERISA law.  See
<u>Bannister v. Sorenson</u>, 103 F.3d 632, 637 (8th Cir. 1996) (where
the parties disputed the existence of an ERISA plan, the court
must first decide if an ERISA-regulated plan exists because if it
does not, the court has no federal question jurisdiction);
<u>Kulinski</u>, 21 F.3d at 258 (though the parties stipulated that a
severance benefits agreement was an ERISA-regulated plan, absent
evidence of an ongoing administrative scheme for determining
employee eligibility, the existence of an ERISA plan was not
proven, and the district court's judgment vacated for lack of
federal question jurisdiction).

Nomenclature creates significant problems when analyzing the
application of ERISA preemption among the circuits and even
within the Eighth Circuit.  The Eighth Circuit has recently held
that "[t]here are two types of preemption under ERISA: 'complete
preemption' under ERISA § 502, 29 U.S.C. § 1132, and 'express
preemption' under ERISA § 514, 29 U.S.C. § 1144." <u>Prudential
Ins. Co. of America v. National Park Medical Center, Inc.</u>, 413
F.3d 897, 907 (8th Cir. 2005).  However, prior to this 2005
decision, the Eighth Circuit recognized three types of ERISA
preemption:

- Complete preemption (also known as "field preemption," see <u>Fidelity Fed. Sav. & Loan Assn. v. De la Cuesta</u>, 458 U.S. 141, 153 (1982));

- Conflict preemption, (<u>Painter v. Golden Rule Ins. Co.</u>, 121 F.3d 436, 439 (8th Cir. 1997) (also known as "ordinary preemption," <u>Arana v. Ochsner Health Plan</u>, 338 F.3d 433, 439 (5th Cir. 2003)); and

- "Relate to" preemption under § 514, (<u>Prudential Ins. Co. of America v. National Park Medical Center, Inc</u>., 154 F.3d 812, 819 (8th Cir. 1998)).

In explaining the difference between "relate to" and conflict preemption, <u>Painter</u> held:

> [S]ome ERISA cases involve the distinct question of conflict preemption--whether a state law is preempted because it conflicts with a specific portion of the complex ERISA statute. If there is a conflict, state law is preempted, whether or not "the statutory phrase 'relate to' provides further and additional support for the pre-emption claim."

<u>Painter</u>, 121 F.3d at 439 (quoting <u>Boggs v. Boggs</u>, 520 U.S. 833 (1997)).  See also <u>Prudential Ins. Co. of America v. National Park Medical Center, Inc</u>., 154 F.3d at 819 n. 4.  See also <u>Hughes v. Attorney General of Florida</u>, 377 F.3d 1258, 1265-66 (11th Cir. 2004)(identifying three types of ERISA preemption: (1) express preemption; (2) field preemption; and (3) conflict preemption).

The Eighth Circuit's most recent pronouncement, which identifies two types of ERISA preemption, is the one which should guide this court.  Moreover, based on the analysis of ERISA preemption from other circuits, it is likely that "conflict preemption" is now considered but another name for or included within the category of what the Eighth Circuit's calls "express preemption."  See <u>Darcangelo v. Verizon Communications, Inc</u>., 292 F.3d 181, 191 n. 3 (4th Cir. 2002)(under ordinary conflict

11

preemption, a state law claim is preempted if it "relate[s] to" an ERISA plan under § 514); Toumajian v. Frailey, 135 F.3d 648, 654 (9th Cir. 1998)(explaining that preemption under § 1144(a) of ERISA is also known as "conflict preemption").

Irrespective of whether the courts identify two rather than three categories of ERISA preemption, or whether they consider "conflict preemption" a form of or synonymous with preemption under § 514, "relate to" preemption, or "express preemption," neither "conflict preemption," nor any preemption based solely under § 514's "relate to" language authorizes the court to exercise federal question jurisdiction. "Conflict preemption, also known as ordinary preemption, arises when a federal law conflicts with state law, thus providing a federal defense to a state law claim, but [it] does not completely preempt the field of state law so as to transform a state law claim into a federal claim." Sonoco Products Co. v. Physicians Health Plan, Inc., 338 F.3d 366, 371 (4th Cir. 2003)(quoting Arana v. Ochsner Health Plan, 338 F.3d 433, 439 (5th Cir. 2003)). See also Toumajian, 135 F.3d at 654 ("Conflict preemption" is an affirmative defense which does not confer jurisdiction or authorize removal). Likewise, express preemption under ERISA § 514, which serves to preempt any state law that "relates to" an employee benefit plan, provides a defense against claims not completely preempted by ERISA § 502, but it does not completely preempt state law. Prudential Ins. Co., 413 F.3d at 907. Therefore, it does not authorize this court to exercise federal question jurisdiction over the plaintiffs' claims. Prudential Ins. Co., 413 F.3d at 907.

Complete preemption under ERISA occurs only when the plaintiffs' claims are governed by both § 514 and § 502(a) of

ERISA.  Metropolitan Life, 481 U.S. at 66-67 (finding complete
preemption where the cause of action was both related to an ERISA
plan and within the scope of enforcement under § 1132(a)).

> [W]here a claim "relate[s] to any employee benefit," 29
> U.S.C. § 1144(a), such that the claim is preempted by
> federal law,. . . . and the claim seeks to recover
> benefits due or enforce rights under the terms of a
> plan, 29 U.S.C. § 1132(a), such that the exclusive
> cause of action is under federal law, then the action
> is subject to removal.

Neumann v. AT & T Communications, Inc., 376 F.3d 773, 779-780
(8th Cir. 2004)(emphasis added)(citing Pilot Life Ins. Co. v.
Dedeaux, 481 U.S. 41, 48 (1987) and Metropolitan Life, 481 U.S.
at 66-67).  See also Lyons v. Philip Morris Inc., 225 F.3d 909,
912 (8th Cir. 2000)(claims "within the scope of, or that relate
to, the civil enforcement provisions of 502(a) are removable to
federal court despite the fact the claims are couched in terms of
state law."); Felix v. Lucent Technologies, Inc., 387 F.3d 1146,
1157-58 (10th Cir. 2004)(a state law claim will convert to a
federal claim and will thus be removable only if the claim is
preempted by ERISA under § 514 and is within the scope of ERISA's
§ 502(a) civil enforcement provisions); Butero v. Royal Maccabees
Life Ins. Co., 174 F.3d 1207, 1212 (11th Cir. 1999)("Here's the
rule: ERISA superpreemption exists only when the 'plaintiff is
seeking relief that is available under 29 U.S.C. § 1132(a).'");
Toumajian, 135 F.3d at 654-55 (if the plaintiffs' claims both
"relate to" an ERISA plan within the meaning of § 1144(a) and
fall within the scope of ERISA's civil enforcement found in §
1132(a), the state claims are completely preempted by ERISA and
converted to federal questions; if both conditions are not met,
the federal court lacks subject matter jurisdiction and the
matter should be remanded); Warner v. Ford Motor Co., 46 F.3d
531, 535 (6th Cir. 1995)(en banc)(overruling precedent that

13

allowed removal in a case covered by § 514 but not covered by § 502).

"State law claims which fall outside of the scope of § 502, even if preempted by § 514(a), are still governed by the well-pleaded complaint rule and, therefore, are not removable under the complete-preemption principles established in Metropolitan Life." Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 355 (3d Cir. 1995). See also Arana v. Ochsner Health Plan, 338 F.3d 433, 440 (5th Cir. 2003)(holding that only complete preemption of a claim under ERISA § 502(a) is required for removal jurisdiction; conflict preemption under ERISA § 514 is not required).

The difference between defensive preemption and complete preemption under ERISA not only determines whether a federal question exists in this case, but also guides the appropriate scope and order of inquiry to be employed by this court in evaluating whether this case should be remanded. Even if complete preemption, and thus federal jurisdiction, does not exist, a defendant may ultimately prove that the plaintiffs' claims are preempted by ERISA. Warner, 46 F.3d at 535 (citing Caterpillar, 482 U.S. at 398). If complete preemption is lacking because the plaintiffs' claims do not seek ERISA civil enforcement remedies under § 502, the case must be remanded, and this court's inquiry ends. Under such circumstances, the merits of any ERISA preemption defense under § 514 is left to the state court for resolution, subject only to reversal by the United States Supreme Court upon writ of certiorari.

> When the doctrine of complete preemption does not apply, but the plaintiff's state claim is arguably preempted under § 514(a), the district court, being

> without removal jurisdiction, cannot resolve the
> dispute regarding preemption.  It lacks power to do
> anything other than remand to the state court where the
> preemption issue can be addressed and resolved.

<u>Dukes</u>, 57 F.3d at 355.  See also <u>Toumajian</u>, 135 F.3d at 655;
<u>Giles v. NYLCare Health Plans, Inc</u>., 172 F.3d 332, 337 (5th Cir.
1999).


Therefore, when the court is addressing the issue of whether
federal question jurisdiction exists by virtue of ERISA
preemption, the court should first address whether the
plaintiffs' claims are governed by § 502.  If the court finds
that § 502 is inapplicable to the plaintiffs' claims, complete
preemption does not exist, and this court lacks federal question
jurisdiction.  Once the court determines it lacks jurisdiction,
any further discussion concerning whether ERISA preemption under
§ 514 is a valid defense to the plaintiffs' claims is dicta,
improper, and irrelevant.  <u>Soley v. First Nat. Bank of Commerce</u>,
923 F.2d 406, 409 (5th Cir. 1991)(holding that once the court
determined complete preemption was lacking, it lacked
jurisdiction to discuss whether the claim was preempted as
"related to" an ERISA plan and its comments were therefore non-
binding and irrelevant).  See also <u>King v. Marriott Intern. Inc</u>.,
337 F.3d 421, 428 n. 3 (4th Cir. 2003)(since § 502 provided no
basis for recovery of benefits for the plaintiff's claims,
complete preemption did not exist, and the court need not rule on
whether the claim was preempted under § 514).


   C.   RECOVERY OF BENEFITS AND ENFORCEMENT OF RIGHTS UNDER
        ERISA § 502.


Complete preemption under ERISA exists if:

(1)  the plaintiff has standing under § 502(a) to pursue its
claim;

(2)  the claim falls within the scope of an ERISA provision
that the plaintiff can enforce via § 502(a); and

(3)  the claim cannot be resolved without interpreting an
ERISA-governed employee benefit plan.

<u>Jass v. Prudential Health Care Plan, Inc</u>., 88 F.3d 1482, 1487
(7th Cir. 1996).  Applying these criteria to the express language
of § 502(a) and the allegations of the plaintiffs' complaint, to
the extent § 502(a) applies at all to the plaintiffs' claims, its
application is limited to § 502(a)(1)(B) and § 502(a)(2).[2]

---

[2]Under the facts alleged in the plaintiffs' amended
complaint:

- 29 U.S.C. §§ 1132(a)(1)(A), (a)(4), and (a)(8) are not
  applicable because the plaintiffs do not allege
  violations of their right to receive requested
  information, (see § 1132(a)(1)(A)), benefit reports,
  (see § 1132(a)(4)), or multiemployer defined benefit
  plan funding notices, (see § 1132(a)(8));

- 29 U.S.C. § 1132(a)(3) is inapplicable because it
  provides for injunctive relief and "redress," but it
  does not provide a basis for seeking monetary relief as
  requested by the plaintiffs herein.  <u>Kuhl v. Lincoln
  Nat. Health Plan of Kansas City, Inc</u>., 999 F.2d 298,
  304 (8th Cir. 1993);

- 29 U.S.C. §§ 1132(a)(5) through (a)(7) are inapplicable
  because such claims can be pursued only by the
  Secretary, (see § 1132(a)(5) and (a)(6)), or the State,
  (see § 1132(a)(7), but not by the plaintiffs herein;

- 29 U.S.C. §§ 1132(a)(9) is inapplicable because this
  case does not involve "the purchase of an insurance
  contract or insurance annuity in connection with
  termination of an individual's status as a participant
  covered under a pension plan. . . ."

16

1.   <u>Do the Plaintiffs' Have Standing to Assert a Claim
     under § 502(a)?</u>

Though there are only two named plaintiffs in this case,
they have filed suit in many capacities; as ESOP participants, as
assignees of other ESOP beneficiaries and participants, and as
assignees of the ESOP and Clark Bros. Transfer, Inc.  As applied
to and limited by the allegations of the plaintiffs' amended
complaint, the plaintiffs, seeking recovery in their capacity as
"participant[s] or beneficiar[ies]" of the ESOP, have standing to
seek damage recovery under § 502(a)(1)(B) and (a)(2).  These
provisions state:

A civil action may be brought-

(1)   by a participant or beneficiary-

      . . . .

      (B)  to recover benefits due to him under the terms of
           his plan, to enforce his rights under the terms of
           the plan, or to clarify his rights to future
           benefits under the terms of the plan;

(2)  by the Secretary, or by a participant, beneficiary or
     fiduciary for appropriate relief under section 1109 of
     this title. . . .

29 U.S.C. §§ 1132(a)(9)

Since the plaintiffs have standing as participants or
beneficiaries to assert claims under § 502(a)(1)(B) and (a)(2),
for the purposes of this motion for remand, I need not and do not
address whether they have standing to assert claims on behalf of
the ESOP itself or the Company.  If, by virtue of § 502(a) of
ERISA, this court has federal jurisdiction over any one claim
asserted, it has supplemental jurisdiction over any other claims

17

alleged in amended complaint and arising from the same core of operative facts.  <u>Phipps</u>, 417 F.3d at 1010.


2.   <u>Are the Alleged Claims Within the Scope of Erisa's §
     502(a)(1)(B) and (a)(2)?</u>

ERISA § 502(a)(2) allows a participant or beneficiary to seek appropriate relief against a plan fiduciary for losses to the plan caused by a breach of fiduciary duty owed to the plan. 29 U.S.C. §§ 1109 and 1132(a)(2).  <u>Massachusetts Mut. Life Ins. Co. v. Russell</u>, 473 U.S. 134, 142 (1985).  In every case charging breach of fiduciary duty under ERISA, the threshold question is not whether the actions of some person employed to provide services under a plan adversely affected a plan beneficiary's interest, but whether that person was acting as a fiduciary when committing the alleged acts set forth in the complaint.  <u>Pegram v. Herdrich</u>, 530 U.S. 211 (2000).  A plan fiduciary is obligated "to serve the interest of participants and beneficiaries and, specifically, to provide them with the benefits authorized by the plan."  <u>Massachusetts Mut</u>., 473 U.S. at 142.  The principal statutory duties imposed on plan fiduciaries "relate to the proper management, administration, and investment of fund assets, the maintenance of proper records, the disclosure of specified information, and the avoidance of conflicts of interest."  <u>Massachusetts Mut</u>., 473 U.S. at 142-143.


The allegations of the plaintiffs' amended complaint do not support a claim against Ameritas for breach of any fiduciary duty owed to the plan.  Based on the allegations, Ameritas was hired by the plan's Administrative Committee to provide stock valuation opinions to the committee regarding the plan's Company stock assets.  Ameritas had no alleged no conflict of interest in performing this service.  As set forth in the amended complaint,

18

Ameritas did not manage or administer the plan, or invest assets
for or render investment advice to the plan; and it was not
responsible for providing information to or maintaining the
records of plan participants and beneficiaries.  Both the
plaintiffs and Ameritas assert that Ameritas was not a plan
fiduciary.[3]  I therefore conclude the plaintiffs' claims do not
seek relief against Ameritas under § 502(a)(2).

For similar reasons, I conclude the plaintiffs' claims are
not within the scope of § 502(a)(1)(B)'s civil enforcement
provisions.  Under § 502(a)(1)(B), "[t]he employee benefit plan
itself is ordinarily liable for benefits payable under the terms
of the plan and is thus the primary defendant." Ross v. Rail Car
America Group Disability Income Plan, 285 F.3d 735, 741 (8th Cir.
2002)(collecting cases).  The party controlling administration of
the plan is also a proper party defendant.  Layes v. Mead Corp.,
132 F.3d 1246, 1249 (8th Cir. 1998)(citing Garren v. John Hancock
Mut. Life Ins. Co., 114 F.3d 186, 187 (11th Cir. 1997) and Daniel
v. Eaton Corp., 839 F.2d 263, 266 (6th Cir. 1988)).  See also
Hill v. Kellogg USA, Inc., 2005 WL 1994944, 10 (D.Neb. 2005)
(Smith-Camp, J.); Price v. Xerox Corp., 379 F.Supp. 2d 1026, 1028
(D. Minn. 2005)(explaining that courts "look[] to, among other
things, a party's role in an ERISA plan to determine whether it
in fact administered the plan").

Ameritas, as a non-fiduciary service provider to the plan,
is not a proper defendant with respect to the plaintiffs' claims

---

[3]I further note that although an ERISA plaintiff may seek
restitution under § 502(a)(3) from a non-fiduciary service
provider who knowingly participated in a fiduciary's breach of
duty, (Harris Trust & Savings Bank v. Salomon Smith Barney, Inc.,
530 U.S. 238 (2000)), no such allegations have been raised in
this case.

19

for recovery of plan benefits under § 502(a)(1)(B).  Accordingly,
the plaintiffs' claims against Ameritas do not seek relief that
is available under the civil enforcement provisions of §
502(a)(1)(B).

Ameritas argues that <u>Aetna Health Inc. v. Davila</u>, 542 U.S.
200, 210 (2004) clearly holds that § 502(a)(1)(B) and (a)(2) not
only delineate the recovery available against the plan and its
administrator, (§ 502(a)(1)(B)), or against a plan fiduciary (§
502(a)(2)), but also eliminate recovery for those alleged losses
as against any other defendants, including non-fiduciary service
providers.  Ameritas states "there simply can be no doubt that
this case is an ERISA §502(a) case and thus is completely
preempted by ERISA," (see filing 14 (defendant's brief) at p.
33), while apparently admitting the plaintiffs' claims cannot be
pursued against Ameritas.  Ameritas argues that "<u>Aetna Health</u>
very clearly held that, under ERISA, there simply are times when
certain remedies and/or certain remedies against certain parties
are unavailable in either state or federal court."  Filing 14
(Ameritas' brief) at p. 32.

In <u>Aetna Health</u>, the respondents were plan participants who
filed state tort claims against plan administrators for
wrongfully denying medical coverage owed under the terms of
ERISA-regulated employee benefit plans.  The Court noted that
upon denial of benefits, the respondents could have paid for the
prescribed medical treatment themselves and then sought
reimbursement from the defendants through a § 502(a)(1)(B)
action, or they could have sought a preliminary injunction.
After first deciding that any right to recovery from these
defendants was derived entirely from the particular rights and
obligations established by the benefit plans, <u>Aetna Health</u> held

20

that the respondents' suits were completely preempted by ERISA.
<u>Aetna Health</u> held:

> [R]espondents bring suit only to rectify a wrongful
> denial of benefits promised under ERISA-regulated
> plans, and do not attempt to remedy any violation of a
> legal duty independent of ERISA.  We hold that
> respondents' state causes of action fall "within the
> scope of" ERISA § 502(a)(1)(B),. . . and are therefore
> completely pre-empted by ERISA § 502 and removable to
> federal district court.

<u>Aetna Health</u>, 542 U.S. at 214 (citing <u>Metropolitan Life</u>, 481 U.S.
at 66).  <u>Aetna Health</u> further held that "if an individual, at
some point in time, could have brought his claim under ERISA §
502(a)(1)(B), and where there is no other independent legal duty
that is implicated by a defendant's actions, then the
individual's cause of action is completely pre-empted by ERISA §
502(a)(1)(B)."  <u>Aetna Health</u>, 542 U.S. at 210.  Relying on <u>Aetna
Health</u>, Ameritas argues:

> The "rule of law" in [<u>Aetna Health</u>] is easy to
> sum up.  If an individual, at some point in time, could
> have brought his claim under ERISA § 502(a), unless
> that individual claim in [sic] <u>entirely independent</u> of an
> ERISA duty and an ERISA Plan, the cause of action is
> completely preempted by ERISA § 502(a).

Filing 14 (Ameritas' brief) at p. 27 (emphasis in original).
Ameritas claims that since the plaintiffs could have joined with
the other plan participants in their class action suit, they
cannot pursue a claim against Ameritas to recover their personal
losses as plan participants, to be indemnified for amounts paid
to settle claims by other plan participants, or to recover
amounts paid to Ameritas for its allegedly negligent work.
Filing 14 (Ameritas' brief) at p. 36.

21

As plan administrators and fiduciaries, the named defendants in <u>Aetna Health</u> were proper party defendants for ERISA civil enforcement under § 502(a)(1)(B) and § 502(a)(2).  Read in the context of the facts presented before the Court, <u>Aetna Health</u> held that as to the defendant plan administrators, enforcement claims were available under § 502(a)(1)(B) and § 502(a)(2), and all other claims for recovery against these defendants were completely preempted.  <u>Aetna Health</u> does not support an argument that where the named defendant is not a proper party defendant and therefore cannot be held liable under § 502(a), the alleged claims are nevertheless deemed § 502(a) claims for the purposes of assessing complete preemption and federal question jurisdiction.  I therefore conclude that <u>Aetna Health</u> does not support Ameritas' argument that since the plaintiffs could have pursued recovery for their losses against the ESOP, its plan administrators, and its fiduciaries under § 502(a), their claims against Ameritas are <u>completely</u> preempted by § 502(a).[4]

---

[4]This holding is purposefully narrow.  I hold only that the plaintiffs have not alleged claims <u>against Ameritas</u> which can be enforced under § 502(a); I offer no opinion as to whether ERISA preempts state law claims against non-fiduciaries.  Claims encompassed by § 502(a) are completely preempted; but for the purposes of a motion for remand, I need not and do not determine whether state law claims not encompassed by the civil enforcement provisions of § 502(a) nonetheless conflict with ERISA's regulatory scheme such that "conflict preemption" or "express preemption" (§ 514) may be raised as a defense.
    Consistent with this position, Ameritas has noted that <u>Mertens v. Hewitt</u>, 508 U.S. 248 (1993) is a conflict preemption and not a complete preemption case.  It nonetheless extensively discusses the holding of <u>Mertens</u> in opposing the plaintiffs' motion for remand.  Therefore, Ameritas' interpretation of <u>Mertens</u> merits some, albeit a limited, discussion.
    Ameritas argues that "<u>no</u> cause of action for monetary damages is available in any court as against non-fiduciaries: 'ERISA has eliminated . . . the common law's joint and several liability for all direct and consequential damages" against non-fiduciaries.'"  Filing 14 (Ameritas' brief) at p. 2 (quoting

3.   Does Resolving the Alleged Claims Require Interpreting
     an ERISA-Governed Employee Benefit Plan?

In adopting the civil enforcement provisions of § 502(a),
"Congress intended that an action brought to recover benefits or
enforce rights that were allegedly denied contrary to the terms
of an ERISA benefit plan will be regarded as arising under the
laws of the United States, even if the complaint filed by the
plan beneficiary purports to raise only a state-law cause of
action."  Neumann, 376 F.3d at 779.  Section 502(a)(1)(B)
expressly authorizes suits to recover benefits due under "the
terms of [the] plan," to enforce rights "under the terms of the
plan," or to clarify the rights to future benefits "under the
terms of the plan."  ERISA preempts a state law claim if the
claim requires the court to interpret or apply the terms of an
employee benefit plan.  Collins v. Ralston, 147 F.3d 592, 595
(7th Cir. 1998).  For the purposes of § 502, interpreting the
terms of the plan requires more than merely recognizing that a
"tenuous, remote or peripheral" relationship exists between the
plan and the plaintiffs' claims.  Neumann, 376 F.3d at 781.

---

Mertens, 508 U.S. at 262 (emphasis in original)).  Mertens held
that a non-fiduciary service provider (an actuary) could not be
sued under ERISA by a plan beneficiary for damages arising from
the actuary's alleged "knowing participation" in a plan
fiduciary's breach of duty.  The actuary was initially sued under
ERISA and common law negligence.  The district court dismissed
the state claim as time-barred, but the Ninth Circuit reversed
dismissal of the state law claim and remanded that portion of the
suit for further determination.  Mertens v. Hewitt Associates,
948 F.2d 607, 613 (9th Cir. 1991).  The Ninth Circuit's
reinstatement of the state claim against the actuary was not
appealed to the Supreme Court.  Accordingly, although Mertens
ruled that no damage claim could be raised under ERISA against
the non-fiduciary actuary, the issue of whether the state
negligence claim was preempted by ERISA was not before it or
addressed in the Court's opinion.

23

The ESOP at issue has not been submitted as evidence on this motion for remand, and the plaintiffs have not alleged a violation of any specific term of the plan.  The plaintiffs allege Ameritas was negligent in carrying out duties under an agreement to provide stock valuation services.  There is no allegation or argument that the terms of the ESOP defined how the stock should be valued or what method of valuation should be used to perform that service.

Under the facts alleged in the plaintiffs' complaint, "[c]ommon law imposes the duty of care regardless of whether the malpractice involves an ERISA plan," and as such "the duty of care does not depend on ERISA in any way."  Coyne & Delany Co. v. Selman, 98 F.3d 1457, 1471 (4th Cir. 1996).  "[T]he court's inquiry will be centered on whether the defendant['s] conduct comported with the relevant professional standard of care."  Coyne & Delany Co., 98 F.3d at 1472.  "The case will turn on legal duties generated outside the ERISA context," (Coyne & Delany Co., 98 F.3d at 1472), and not on the terms of the plan itself.

The claims alleged against Ameritas relate only peripherally to the ESOP.  Bannister, 103 F.3d at 636 (provisionally holding ERISA did not preempt state law claims where the dispute did not directly involve the ERISA plan but rather two of its subcontractors).  I therefore conclude that while Ameritas was performing a stock valuation service for the ESOP, the outcome of the plaintiffs' claims against Ameritas is not dependent on interpreting the terms of the ESOP.  Section 502(a) is therefore inapplicable to this case.

24

I therefore conclude that, as participants and beneficiaries, the plaintiffs have standing to assert claims under § 502(a).  However, their alleged claims against Ameritas are not within the scope of ERISA's § 502(a)(1)(B) and (a)(2) civil enforcement provisions, and there is no showing that these claims will require interpretation of the terms of the ESOP plan at issue.  Accordingly, I find that the plaintiff's claims are not governed by § 502(a) and do not "seek[] to recover benefits due or enforce rights under the terms of a plan."  Neumann, 376 F.3d 773, 779-780 (8th Cir. 2004).

Complete preemption, and therefore federal question subject matter jurisdiction, does not exist.  This case must be remanded to the District Court of Douglas County, Nebraska.

D.   REQUEST FOR ATTORNEY'S FEES AND EXPENSES.

The plaintiffs have moved for an award of costs and actual expenses, including attorneys' fees incurred as a result of Ameritas' removal of this case to federal court.  Filing 7 (motion for remand) at p. 2, prayer ¶ (b).  28 U.S.C. § 1447(c) states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The Supreme Court has very recently pronounced the standard to be applied when considering the assessment of fees and costs under § 1447(c).

[T]he standard for awarding fees should turn on the reasonableness of the removal.  Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. . . .  In applying this rule, district courts retain discretion to consider

whether unusual circumstances warrant a departure from
the rule in a given case. . . .  When a court exercises
its discretion in this manner, however, its reasons for
departing from the general rule should be "faithful to
the purposes" of awarding fees under § 1447(c).

Martin v. Franklin Capital Corp., 2005 WL 3299410, *6 (Sup. Ct.
December 7, 2005).

The appropriate test for awarding fees under § 1447(c)
should recognize the desire to deter removals sought
for the purpose of prolonging litigation and imposing
costs on the opposing party, while not undermining
Congress' basic decision to afford defendants a right
to remove as a general matter, when the statutory
criteria are satisfied.

Martin, 2005 WL 3299410, *6.

Though I ultimately conclude that this case was not properly
removed, Ameritas presented reasonable, good faith, and well-
researched arguments in support of its claim that ERISA
completely preempts the plaintiffs' claims.  The plaintiffs'
motion for remand and the defendant's response raise complex and
novel ERISA preemption questions.  "At the 'cutting edge' of
fiduciary litigation -- 'under' ERISA or 'outside' ERISA's
otherwise preemptive standards--are attempts to hold
non-fiduciary service providers and professionals liable . . .
for negligence or malpractice under state law."  A.L.I.-A.B.A.
Continuing Legal Education, ERISA Litigation:  An Overview of
Major Claims and Defenses, (May 12-14, 2005)(WestLaw SK083
ALI-ABA 781, *827 (2005)).

I find nothing to indicate that Ameritas removed this case
for the purpose of prolonging the litigation or exposing the
plaintiffs to additional costs and fees.  Rather, I conclude the

26

removal was motivated by Ameritas' objectively reasonable belief
that it was entitled to seek a federal forum for resolution of
this case.  Therefore, the plaintiffs' request for attorney fees
and costs will be denied.  See also <u>Moline Machinery, Ltd. v.
Pillsbury Co</u>., 259 F. Supp. 2d 892 (D. Minn. 2003)(denying
request for attorney fees and costs on remand where the defendant
alleged complete preemption under ERISA, removal was sought in
good faith, and question was one of first impression in this
Circuit, and issue of whether action was removable presented a
close question).


    IT THEREFORE HEREBY IS ORDERED:

1.    The plaintiffs' objections to the defendant's filing 15
    index of evidence, filing 16, is sustained on the basis
    of relevance.

2.    As to the plaintiffs' Motion for Remand and for costs
    and fees pursuant to 28 U.S.C. § 1447(c), filing 7:

    a.    The plaintiffs' motion for remand is granted; and

    b.    The plaintiffs' motion for an award of costs and
        actual expenses, including attorney fees, is
        denied.

DATED this 27th day of December, 2005.

    BY THE COURT:

    s/ *David L. Piester*
    David L. Piester
    United States Magistrate Judge